IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL TODD BAILEY                                                                      PLAINTIFF

       v.                              Civil No. 5:20-cv-05065

SHERIFF TIM HELDER;
NURSE SIDNEY SIMMONS;
NURSE JOH BECKHAN;
NURSE CHUCK DUMINOVER; and
NURSE JOLANA WILSON                                                                      DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff, Michael Todd Bailey ("Bailey"), pursuant to 42 U.S.C. § 1983. Bailey proceeds *pro se* and *in forma pauperis.*

This case is before the Court on the Motion to Dismiss (ECF No. 17) filed by Separate Defendant Sheriff Tim Helder. Bailey has filed a Response (ECF No. 24) to the Motion. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, United States District Judge, referred the instant motion to the undersigned for the purpose of making a Report and Recommendation.

**I. BACKGROUND**

Bailey is currently detained in the Washington County Detention Center ("WCDC"). According to the allegations of the Complaint (ECF No. 1), Bailey alleges his constitutional rights were violated when he was not provided with adequate medical care and when he was denied a facemask during the ongoing COVID-19 pandemic. *Id*. at 4-5.

In claim one, Bailey alleges that in March he put in a medical request because of an abscessed tooth. (ECF No. 1 at 4). Bailey states he was in so much pain he could hardly chew.

1

*Id.* Bailey indicates he was not seen by medical personnel but was put on antibiotics. *Id.* The antibiotics made Bailey sick and he broke out in an allergic reaction. *Id.* Bailey alleges he was still not seen by medical personnel but was put on "a different colored pill." *Id.* at 5. Bailey believes he should have been seen by medical personnel "before being put on any medications." *Id.*

In claim two, Bailey alleges he asked for a facemask due to the coronavirus and because there were more than ten inmates in B-A block. (ECF No. 1 at 5). If the President, the nurses, and the public can wear face masks to combat the virus, Bailey asks "why can't inmates?" *Id.*

As relief, Bailey seeks compensatory and punitive damages. (ECF No. 1 at 7).

## II.  APPLICABLE STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III.  DISCUSSION

Sheriff Helder has moved for dismissal arguing that the Complaint fails to state facts

showing he conducted any wrongful activity or caused any alleged damage or injury. (ECF No. 17 at 1). In fact, he points out he is not mentioned in the body of the Complaint at all. *Id*. In response, Bailey indicates he is unsure of whether or not he should dismiss Sheriff Helder. (ECF No. 24 at 1-2). He asks the Court to let him know what to do. *Id.* at 2.

The Court cannot give Bailey legal advice. Rather, the Court can only rule on the merits of the Motion to Dismiss.

Individual liability under § 1983 must be based on personal involvement. *Ashcroft*, 556 U.S. at 676. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendant[s], [Bailey] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish personal involvement required to support [§ 1983] liability").

As Sheriff Helder accurately points out, he is not even mentioned in the body of the Complaint at all. No plausible individual capacity claim has been stated against him.

### IV.   CONCLUSION

For the reasons stated, it is recommended that Sheriff Helder's Motion to Dismiss (ECF No. 17) be **GRANTED** and the claims against him be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      DATED this 17th day of July 2020.

                                              /s/ *Mark E. Ford*
                                      HON. MARK E. FORD
                                      UNITED STATES MAGISTRATE JUDGE