IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL TODD BAILEY                                                                                       PLAINTIFF

v.                                                    Civil No. 5:20-cv-05065

NURSE SIDNEY SIMMONS;
NURSE JON BECKAM;
NURSE CHUCK DUMINOVER;
and NURSE JOLANA WILSON                                                                       DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff was incarcerated in the Washington County Detention Center when he filed this case. Plaintiff is no longer incarcerated.

On August 17, 2020, Plaintiff filed a change of address notice indicating he had been released from custody. (ECF No. 29). That same day, the Court entered an Order (ECF No. 30), directing Plaintiff to pay the $350.00 filing fee and the $50 administrative fee or resubmit an *in forma pauperis* ("IFP") application which reflected his free-world financial status by no later than September 4, 2020. Plaintiff was advised his failure to do so would result in dismissal of this case. Plaintiff did not pay the filing fee or submit an IFP application.

On September 29, 2020, a Show Cause Order (ECF No. 33) was entered. Plaintiff was given until October 13, 2020, to show cause why he failed to comply with the Court's Order directing him to pay the filing fee or file an updated IFP application. Plaintiff was advised that failure to show cause by October 13, 2020, would result in the dismissal of this case without prejudice.

Plaintiff has not responded to the Show Cause Order or sought an extension of time to do so. No mail has been returned as undeliverable.

1

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Therefore, pursuant to Rule 41(b), Plaintiff's Complaint should be and hereby is DISMISSED WITHOUT PREJUDICE based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED** this 20th day of October 2020.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE